UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLO PORTER, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTOR OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., <br><br> Defendants. | Case No.: 1:13-cv-00243 - LJO - JLT <br><br> ORDER CONSTRUING PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR REMOVAL AS A MOTION TO REMAND, AND DIRECTING DEFENDANTS TO FILE A RESPONSE <br><br> (Doc. 7) |

On February 15, 2013, Defendants filed a Notice of Removal of the action from Kern County Superior Court, thereby commencing the matter before this Court. (Doc. 2). According to Defendants, "Plaintiff alleges that his exposure to toxic substances at Kern Valley State Prison supports an Eighth Amendment claim for deliberate indifference against Defendants under *Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir. 1995)." (*Id.* at 1-2) (citing Compl., ¶¶ 33, 34, 35)). Therefore, Defendants assert removal is proper because the action "arises under 42 U. S. C. § 1983 and the Eighth Amendment to the United States Constitution." *Id.* at 2.

On March 4, 2013, Plaintiff filed an opposition to Defendants' request for removal of the action. (Doc. 7). Plaintiff asserts the notice of removal "is devoid of merit" because his complaint is brought "under state laws and not [the] federal constitution and title 28 U.S.C. Section 1983." *Id.* at 1. Plaintiff contends the District Court "lacks jurisdiction to proceed in this matter because <u>Plaintiff</u>

<u>never citied title 28 U.S.C. Section 1983 as jurisdiction</u>, only California Civil Code Sections 51, 51.7, 51.9, 52, 52.1, 52.3, and 52.5 [and] California Code of Civil Procedure Sections 338-340 and 425.12." *Id.* at 2 (emphasis in original). Further, Plaintiff asserts the Court's jurisdiction was not invoked simply by his citation to *Wallis*, and that "it is clear that the complaint seeks relief from the state court pursuant to state laws." *Id.* Plaintiff concludes: "This matter should be transferred back to Superior Court for resolution on the merits and ancillary proceedings." *Id.* at 3. Because Plaintiff seeks a remand of the action in his opposition to the removal, the Court construes his opposition to be a motion to remand.

Notably, the party seeking removal of the action to the federal court has burden of establishing grounds for federal jurisdiction over the action. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). In addition, the defendant has the burden of showing compliance with the procedural requirements for removal. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Accordingly, **IT IS HEREBY ORDERED**: Defendants shall file a response to Plaintiff's opposition to removal, addressing the matter of this Court's jurisdiction, within twenty-one days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **March 6, 2013**                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE