**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLO PORTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF DEPARTMENT OF CORRECSTIONS, et al.<br><br>　　　　Defendant. | Case No.: 1:13-cv-00243 – LJO – JLT<br><br>ORDER REMANDING ACTION TO KERN COUNTY SUPERIOR COURT<br><br>(Doc. 7). |

Plaintiff Marlo Porter ("Plaintiff") is a prisoner proceeding *pro se* in a civil suit seeking declaratory and monetary relief against for the Defendants for alleged violations of the civil and common laws of the State of California. (Doc. 2, Ex. A at 12, ¶ 1-4). Originally filed in the Kern County Superior Court, Defendant's notice of removal on February 15, 2013, brought the matter before this Court. (Doc. 1 and 2). On March 4, 2013, Plaintiff filed his opposition to Defendant's request for removal (Doc. 7), which the Court construed as a motion to remand. (Doc. 8).[1] Defendants filed their collective response to Plaintiff's motion for remand on March 29, 2013. (Doc. 9). Pending before the Court is Plaintiff's motion for remand.

---

[1] The Court refers to Plaintiff's opposition to Defendant's request for removal (Doc. 7) as "motion to remand" throughout this Order.

1

For the reasons set forth below, the Court **REMANDS** this matter to the Kern County Superior Court.

## I.   STANDARD FOR REMOVAL

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[2] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941) *superseded by statute on other grounds as stated in* Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 697 (2003); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction."  Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

## II.   DISCUSSION

While a lack of reference to federal law is not dispositive in determining whether federal jurisdiction exists, N. Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir. 1978), Defendants' contention that this action arises under federal law is not supported by a review of Plaintiff's complaint.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal).  To determine whether a federal question exists that would permit the Court to exercise federal jurisdiction, the Court applies the "well-pleaded complaint" rule. *See e.g.,* Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987).  This rule "provides that federal jurisdiction exists only when a federal question is presented

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

### i. Plaintiff's reference to Wallis v. Baldwin does not trigger federal subject matter jurisdiction.

A review of the face of the complaint supports Plaintiff's motion for remand. In their notice of removal, Defendants use Plaintiff's reference to Wallis v Baldwin, 70 F.3d 1074 (9th Cir. 1995) to support their contention that Plaintiff inadvertently states an "Eighth Amendment claim for deliberate indifference." (Doc. 2 at 2, ¶ 1). However, Plaintiff explains that he referenced Wallis because he did not believe state laws were available. (Doc. 7 at 2, ¶ 1). The Court construes Plaintiff's use of Wallis as nothing more than a reference to demonstrate to the Court that Defendants could be subject to liability for their actions. Reference to an isolated federal case is insufficient evidence for this Court to assert subject matter jurisdiction over this matter. Therefore, **REMAND** is appropriate to the Kern County Superior Court.

### ii. Reference to "knowingly, willfully, and maliciously" supports Plaintiff's state claim for punitive damages.

Defendants aver that Plaintiff's allegation that "Defendants acted "knowingly, willfully, and maliciously" in the face of a serious risk of harm" *potentially*[3] indicates a cause of action under 42 U.S.C § 1983, because it fails to a state a claim for negligence under state law. (Doc. 2 at 4-5)(emphasis added). However, the Court notes that Plaintiff seeks punitive damages for Defendants' conduct. (Doc. 2 at 13, ¶ 2). Given that the California exemplary damage statute requires a plaintiff prove that a defendant acted with "malice" toward the plaintiff, Cal. Civ. Code § 3294(a)(West), and that "malice" is defined as "a willful and conscious disregard for the rights…of others" (Cal. Civ. Code § 3294(c)(1)(West)), Plaintiff's claim that Defendants acted "knowingly, willfully and

---

[3] Defendant's use of the term "potentially" alone signifies doubt on Defendant's part that a federal claim exists in this matter. (Doc. 2 at 5). As noted above, the Court must reject federal jurisdiction where any doubt as to the removal exists. Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

maliciously" can be construed in support of his state claim for punitive damages. The Court will not imply a "potential" federal claim where a state claim is supported by the face of the complaint. Therefore, **REMAND** is appropriate to the Kern County Superior Court.

### iii. Plaintiff's express reference to the California Civil Code does not imply a federal cause of action.

The Court rejects Defendants' bifurcated argument that by referencing the California Civil Code, Plaintiff could be "potentially" asserting a claim under 42 U.S.C. § 1983. In their opposition to remand, Defendants indicate that Plaintiff's use of Cal. Civ. Code § 52.3 as the basis of his complaint fails because the statute provides Plaintiff no private cause of action. (Doc. 9 at 4-5). On this basis, Defendants note that "since § 52.3 encompasses the Constitutions and laws of both the State of California and the United States, [Plaintiff] potentially states a federal claim arising under 42 U.S.C Section 1983."[4] Id. at 5.

Although Plaintiff could have brought this action in this Court pursuant to 42 U.S.C. § 1983 and alleged that Defendants violated his rights under the United States Constitution, he did not do so. The Court takes judicial notice that Plaintiff previously litigated a matter in this Court pursuant to 42 U.S.C. § 1983.[5] In comparison, here, Plaintiff unequivocally asserts that jurisdiction is brought pursuant to provisions of the California Civil Code and California Code of Civil Procedure. (Doc. 2, Ex. 1 at 3, ¶ 1). This fact amply indicates to the Court that Plaintiff is fully aware of his option to litigate federal constitutional claims in this Court. Plaintiff's decision to file suit in state court alleging state law claims demonstrates that plaintiff exercised his right to rely exclusively on state law. Caterpillar, Inc., 482 U.S. at 392. Therefore, **REMAND** is appropriate to the Kern County Superior Court.

///

---

[4] Following this rationale to its logical conclusion, Defendants contend, seemingly, that every time a litigant raises a claim under California's Unruh Act (Cal. Civ. Code § 51 et seq.) specifically, Cal. Civ. Code 52.1—which *does* allow a private right of action for violation of civil rights--by necessity and without anything more, the federal court would have jurisdiction; clearly not.

[5] The Court takes judicial notice of Porter v. Cate, Case No. 09-CV-2957 GGH (E.D. Cal. 2009).

**ORDER**

For the above stated reasons, Court lacks subject matter jurisdiction over this action. Therefore, the Court **hereby ORDERS** as follows:

1. This matter is **REMANDED** to the **KERN COUNTY SUPERIOR COURT**; and
2. The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 3, 2013**              /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE